SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
ERIKA JOHNSON-BROOKS (Cal. Bar No. 210908)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0474
    Facsimile: (213) 894-7819
    E-mail: Erika.Johnson@usdoj.gov

Attorney for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND TATE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA.<br><br>    Defendant. | No. CV 15-9323 FMO (JPRx)<br><br>**PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>Hearing date: June 1, 2017<br>Time: 10:00 a.m.<br><br>Magistrate Judge Rosenbluth |

This Court ORDERS that a Protective Order shall issue to permit Defendant to release the video surveillance footage of the inside of housing unit 5A, and the sally port of housing unit 5A at USP Victorville on March 25, 2015, which Defendant deems to be an appropriate subject for disclosure, for responses to discovery, for use in motions, for preparation for trial and for use in trial.

Defendant is ordered to produce the video surveillance footage of the inside of

housing unit 5A, and the sally port of housing unit 5A at USP Victorville on March 25, 2015.  The video surveillance footage should capture the time period of 10:00 a.m. to 12:19:58 p.m. and capture the alleged assault (hereinafter "the Protected Information").  The Protected Information will be provided to Plaintiff's BOP Unit Team for Plaintiff to review upon Plaintiff's request.  Plaintiff may not retain custody of the Protected Information.

The Protected Information shall be used by the parties, counsel, experts, consultants and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever.

The Protected Information, and/or contents thereof, shall be disclosed only to:

1. counsel of record for the parties;

2. Plaintiff and Defendant (who were not already in possession of such video), provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;

3. expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A; or

4. non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A.  Said non-expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

All documents, pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or disclose the contents of the Protected Information shall be submitted under seal pursuant to Local Rule 79-5 governing

confidential court records.

At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected Information shall be returned to Defendant's counsel within 30 days of the termination of the action, including copies provided to expert consultants/witnesses.

This Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

Nothing in this Protective Order shall prohibit a party from seeking further protection of the Protected Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

Nothing in this Protective Order constitutes a waiver of any party's right to seek a Court Order permitting the future use and/or production of the Protected Information.

Nothing in this Protective Order constitutes a waiver of Defendant's right to use, disclose or disseminate the Protected Information in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, or BOP policies.

Neither the United States Department of Justice, including the BOP and the United States Attorney's Office, nor any of its officers, agents, employees, or attorneys, shall bear any responsibility or liability for any disclosure of the Protected Information obtained by the parties under this Protective Order, or of any information contained therein.

This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of

any such other information.

DATED: June 14, 2017

                                  **JEAN ROSENBLUTH**
                                  HON. JEAN P. ROSENBLUTH
                                  MAGISTRATE JUDGE

EXHIBIT "A"

I have read and I understand the Protective Order entered by the Court in the case entitled <u>Raymond Tate v. United States</u>., Case No. CV 15-9323 FMO (JPRx), and I agree to be bound by its terms.

DATED: _____

DATED: _____

Dated: June 14, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section

/s/ *Erika Johnson-Brooks*

ERIKA JOHNSON-BROOKS
Assistant United States Attorney
Attorneys for Defendant